UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-22979-MORENO/TORRES

NORBERTO FUENTES

    Plaintiff,

vs.

MEGA MEDIA HOLDINGS INC. d/b/a MEGA
TV, SPANISH BROADCASTING SYSTEM
OF DELAWARE, INC., MES PRODUCTIONS,
INC., TELEMOTION PRODUCTIONS, INC.,

    Defendants.
_____/

## ORDER GRANTING PARTIAL FINAL SUMMARY JUDGMENT

**THIS CAUSE** came before the Court on Mega Media Holdings, Inc.'s Motion for Partial Summary Judgment as to the Plaintiff's Entitlement to Statutory Damages and Incorporated Memorandum of Law ("Motion") [D.E. 20], and the Court having reviewed the plaintiff, Norberto Fuentes' ("Fuentes") Responsive Memorandum of Law in Opposition to Mega Media Holdings, Inc.'s Motion for Summary Judgment [D.E. 42], and Mega Media Holdings, Inc.'s Reply Memorandum in Support of its Motion for Partial Summary Judgment as to the Plaintiff's Entitlement to Statutory Damages [D. E. 49], and being advised of the agreement of the parties as to the entry of this Order, and being otherwise fully advised in the premises, it is hereby

    **ORDERED AND ADJUDGED** that the aforesaid Motion is **GRANTED** in its entirety.

    The parties are in agreement that the alleged infringement of *Angola* (Fuentes' alleged unpublished home video) by the defendants, Mega, Spanish Broadcasting System, Inc.,

Telemotion Productions, Inc. and MES Productions, Inc. (collectively, "Defendants"), commenced before Fuentes registered *Angola* for copyright protection. The parties are also in agreement that *Dulces Guerreros Cubanos* (Fuentes' published literary work) was not registered for copyright protection within three months of its initial publication or before commencement of any alleged infringement by defendants.

Section 412 of the United States Copyright Act provides, in pertinent part:

> In any action under this title . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505 [17 USCS §§ 504 and 505], shall be made for –
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of registration, unless such registration is made within three months after first publication of the work.

17 U.S.C.S. § 412.

Thus, under the agreed facts stipulated to by the parties set forth above, Fuentes is not entitled to recover:

(1) any statutory damages whatsoever pursuant to Section 504(c) of the United States Copyright Act, and thus no enhancement of statutory damages for willful conduct as provided for in Section 504(c)(2) of the United States Copyright Act; or

(2) any attorney's fees whatsoever pursuant to Section 505 of the United States Copyright Act.

Accordingly, the Court hereby enters final summary judgment in favor of Defendants, and against Fuentes, on Fuentes' claim for statutory damages (including any enhancement of damages based on willful conduct) and Fuentes' claim for attorney's fees.

**DONE AND ORDERED** in chambers this 20 day of January, 2011.

_____
FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies Provided:
Counsel of Record