UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22979-CIV-MORENO/TORRES

NORBERTO FUENTES,

      Plaintiff,

v.

MEGA MEDIA HOLDINGS, INC. d/b/a
MEGA TV, SPANISH BROADCASTING
SYSTEM OF DELAWARE, INC.,
TELEMOTION PRODUCTIONS, INC.,
and MES PRODUCTIONS, INC.,

      Defendants.
_____/

## OMNIBUS ORDER

This matter is before the Court on various pending motions in this case that have been referred for disposition. The Court heard argument on these motions at a hearing held January 31, 2011. Upon review of the parties' arguments, the motions, responses, replies, and the record in the case, the Court announced its rulings at the hearing, which are also memorialized herein.

    1.    Defendant Spanish Broadcasting System's Motion to Dismiss Amended Complaint [D.E. 23] is **DENIED** without prejudice. As agreed at the hearing, Defendant SBS shall be able to address the issues raised by the vicarious liability claim in the amended complaint through its summary judgment motion. SBS's Answer to the amended complaint shall be filed simultaneously with the summary judgment motion, which shall close the pleadings in the case.

2.      Defendant SBS's Motion for Enlargement of Time to file summary judgment motion [D.E. 101] is **GRANTED**. SBS's motion shall be filed within 45 days of this date, together with its answer to the amended complaint.

3.      Defendants' Motion to Compel, Motion for Sanctions, and Request for Expedited Briefing Schedule [D.E. 54] is **DENIED** in part and **DEFERRED** in part. The motion is denied to the extent that further relief in the form of compelling production or better interrogatory answers will be possible given the passage of time and the discovery cutoff. The motion for sanctions is deferred pending final review of Defendant's motion for summary judgment on damages. The motion for expedited review is denied as moot.

4.      Defendant's Motion to Compel Sworn Testimony to Specific Non-privileged Deposition Questions [D.E. 58] is **DENIED**. The discovery cutoff has elapsed. The issues raised in the motion would require reopening the Plaintiff's deposition for a third time, though most of the seven-hour limitation provided in Rule 30 has now been consumed. Thus, the Court will not compel Plaintiff to respond to these questions especially given the lesser prejudice involved to Defendants. But, Plaintiff shall be precluded from providing testimony at trial that Plaintiff refused to disclose in his deposition. Moreover, Plaintiff's counsel in the future shall comply with Rule 26(c) and Rule 30(d) rather than instructing a witness not to answer a deposition question, which is sanctionable under the Court's Rules.

5.      Defendant's Motion to Compel Discovery and Inspection of Hard Drive [D.E. 74] is **DENIED**. The motion is untimely under S.D. Fla. Local R. 26.1(f)(2), as the motion should have been filed prior to the discovery cutoff date. The issues raised

were known to the Defendant prior to the cutoff date, thus requiring Defendant to timely raise those issues or waive them under the Court's Rules. As stated at the hearing, the Court will enforce the November 22, 2010, discovery cutoff in this case, and no good cause has been shown why an exception should be made here.

6. Plaintiff's Motion for Leave to Depose Raul Alarcon [D.E. 73] is **DENIED** on that same basis. The motion is untimely under the Court's Rules and no good cause has been shown why an exception should be made here.

7. Defendant's Corrected Motion to Strike Plaintiff's Expert Witnesses [D.E. 77] is **DENIED** without prejudice. The motion is Denied to the extent that it seeks to preclude Plaintiff from calling his sole expert on the basis of the Court's scheduling order. The continuance of the trial arguably modified the due date for the Rule 16.1 expert report/summary. And even if it did not, in the interests of justice and lack of prejudice to Defendant given the continuance of the trial date, the Court will not strike Plaintiff's expert solely on the timeliness of the report. The motion is otherwise denied without prejudice on the substantive issues that may be raised to the expert's testimony. Accordingly, the Court directs Defendant to take the expert's deposition within two weeks of this date, following which a renewed motion to strike may be filed, either on substantive *Daubert* grounds, if relevant, or on the basis of Defendant's deferred motion for Rule 37 sanctions separate and apart from the timeliness of the expert report. The renewed motion shall be filed within thirty days of this date. A rebuttal expert report for the Defendant's damage expert may also be served within

such time in accordance with Rule 16.1(k).  In that event, Plaintiff shall have to leave to depose the Defendant's expert within thirty days thereafter.

8. Defendant's Corrected Motion in Limine to Exclude Evidence on Plaintiff's Alleged Damages [D.E. 78] is **DENIED** without prejudice.  The motion in limine is in reality a motion for summary judgment on damages that also relates to the motion for sanctions.  The Court will deny the motion in limine with leave for Defendant to file an amended motion in the form of a Rule 56 motion for summary judgment that may incorporate or be filed in conjunction with the renewed motion for Rule 37 sanctions, which motion(s) shall be filed within thirty days of this date.

9. Defendant's Motion to Compel Production of Tax Returns and for Sanctions [D.E. 80] is **DENIED** also as untimely under the Court's Local Rules and no good cause has been shown why an exception should be made here.

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of February, 2011.

*/s/   Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge